

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------x
UNITED STATES OF AMERICA,

   -against-

**VICTOR WRIGHT**

                         Defendant
-----------------------------------------x

**Interim Order**
**03-CR-177 (ERK)**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ MAR 7 2006 ★

BROOKLYN OFFICE

Re: **Interim Payments for Services Other than Counsel**
**For Death Penalty Cases**

     **IT IS HEREBY ORDERED**, that as a result of the lengthy proceedings in this matter, **Nelson J. Lassalle, Investigator** for the defendant, Victor Wright is authorized to submit interim vouchers for the representation of his/her client.

     Because of the expected length of the trial in this case and the anticipated hardships on persons providing services pursuant to subsection (e) of the CJA for such a period without compensation, in accordance with paragraph 3.06B of the Guidelines for the Administration of the Criminal Justice Act, the following procedures for interim payments shall apply during the period of time in which you provide services in connection with this case.

     1. Submission of Vouchers

     Persons providing services under subsection (e) shall submit to the court clerk twice each month, an interim CJA Form 31, **"Death Penalty Proceedings: Ex-Parte Request for Authorization and Voucher for Expert and Other Services."** Compensation earned and reimbursable expenses incurred from the first to the last day of each month shall be claimed on an interim voucher submitted no later than the fifth day of the following month, or the first business day thereafter. The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date on which your services were retained. Interim vouchers shall be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter VI, as well as the applicable provisions of Chapter III, of the <u>Guidelines Administration of the Criminal Justice Act</u> outlines the procedures and rules for claims by persons providing services pursuant to subsection (e) and should be followed regarding each voucher.

     I will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for the approved number of hours. I will also authorize for payment all reimbursable expenses reasonably incurred.

     At the conclusion of the period during which you provide services in this case, you shall submit a final voucher seeking payment of services rendered during the final interim period. The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. A statement should be attached to the voucher which reflects all compensation and reimbursement previously received.

## 2. Reimbursable Expenses

Persons providing services pursuant to subsection (e) may be reimbursed for out-of-pocket expenses incurred incident to the rendering of services.

The following guidelines may be helpful:

a. Case related travel by privately owned automobile should be claimed at the rate of 37.5 cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited.

b. Actual expenses incurred for meals and lodging while traveling outside of the metropolitan are in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17, R.R.Cr.P. and 28 U.S.C. 1825.

Dated: Brooklyn, New York
      1/16, 2006

s/Edward R. Korman
Hon. (District Judge)
U.S.D.J.


s/Reena Raggi    2/14/06
United States Court of Appeals
For the Second Circuit